

# NUMBER 13-25-00426-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**BENJAMIN MARKHAM,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

## ON APPEAL FROM THE 156TH DISTRICT COURT
## OF LIVE OAK COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Peña, West, and Fonseca**
**Memorandum Opinion by Justice West**

Appellant Benjamin Markham challenges his conviction for continuous sexual abuse of a young child, a first-degree felony for which he was sentenced to life imprisonment. *See* TEX. PENAL CODE § 21.02(b), (h). By his sole issue, appellant argues the trial court abused its discretion when it excluded evidence appellant suffered from a

sexually transmitted disease the complaining witnesses did not have. Because appellant failed to preserve this issue, we affirm.

## I. BACKGROUND

Appellant was indicted for continuous child sexual abuse against H.G. and V.M.[1] Appellant proceeded pro se at trial.

H.G.'s mother testified that she and appellant were friends and later had a brief sexual relationship. During her cross examination, the following exchange occurred:

| | |
|---|---|
| [Appellant]: | Exactly how many vaginal infections have you had in your life? |
| [The State]: | Objection, relevance. |
| THE COURT: | How is that relevant? |
| [Appellant]: | Sexual relationships, sexually transmitted [sic]. I already know the answer to this, so I'm going to— |
| THE COURT: | Of this witness? |
| [Appellant]: | Yes, that witness. |
| THE COURT: | Okay. |
| [Appellant]: | She just admitted to a sexual relationship with me, right? Okay. |
| THE COURT: | I'm going to sustain that objection. I don't think that's relevant. I don't see how it's relevant. |
| | . . . . |
| [Appellant]: | It's relevant because you're accusing me of having sex with your . . . daughter. She's had it, I'm going to guess, exactly two vaginal infections. One was a massive yeast infection. |
| [The State]: | Your Honor, objection to relevance. |

---

[1] To protect the identity of the complainants, we refer to them by the pseudonyms given to them in the indictment. *See* TEX. CODE CRIM. PROC. art. 58.102(a).

2

THE COURT:        She, she who?

[Appellant]:       [H.G.'s mother.]

. . . .

THE COURT:        She's not a complaining party. She's not somebody that has been examined. I'm overruling your request for that question.

During cross-examination of H.G., appellant asked her if she had ever had a vaginal infection or sexually transmitted disease:

[Appellant]:       Oh, have you ever had a vaginal infection?

[The State]:       Objection, relevance.

[Appellant]:       That's fairly relevant because I have an STD.

[The State]:       It is not relevant, Judge.

. . . .

[Appellant]:       Being accused of having sex with someone for a year and having an STD yourself and them not having an STD is very relevant.

. . . .

THE COURT:        All right. I'm sustaining the objection. Your next question?

. . . .

[Appellant]:       Do you have an STD?

[The State]:       Objection, relevance.

[Appellant]:       That's relevant.

THE COURT:        Overruled.

[Appellant]:       Do you have an STD?

[H.G.]:            What is that?

[Appellant]:       It's something you would get from having sex with someone with an STD.

3

| [H.G.]: | I still don't know what you're talking about. |
| THE COURT: | Do you mean a sexually transmitted disease? |
| [Appellant]: | Or a sexually transmitted infection, either/or? |
| [H.G.]: | No. |
| [Appellant]: | Okay. |
| THE COURT: | Next question? |
| [Appellant]: | I don't believe I have any further questions. Thank you very much. |

V.M. is appellant's biological daughter. During her cross-examination, appellant asked her if she had ever had a vaginal infection:

| [Appellant]: | Have you ever had a vaginal infection? |
| [The State]: | Objection, relevance. |
| [Appellant]: | I believe we already went over relevance and I don't want to put my daughter through any stress of arguing. |
| THE COURT: | Then move on to the next question, please. |
| [Appellant]: | Okay. Okay, so you agreed to STD testing? |
| [V.M.]: | Yes. |
| [The State]: | Objection, relevance. |
| [Appellant]: | Well, she agreed to it. That's relevant. |
| | . . . . |
| THE COURT: | [W]hether she agreed to it or not, it may or may not be relevant. What's the—I'm sorry. The question is so open-ended, I can't—I can't require that she testify to that. You want to rephrase your question. |

Appellant did not rephrase the question and moved on to other subjects. Later, appellant asked V.M., "So I'm assuming when you went to the nurse, your medical came back fine?

I don't know. I haven't seen it." V.M. responded, "Yes, to my knowledge my medical came back fine."

After both sides rested, appellant complained about the trial court's denial of his "medical request":

[Appellant]: I'm objecting to being denied medical—the medical request from the Court and from the jail in writing on different dates. I mean, I requested a medical examination from you on 5-5-2025. It was denied in open court. In 2024, on April—April 15th, 2024 you were the Judge. I requested an ex parte hearing to make such request and it was denied which automatically overturns the case under State vs. Ballar[d] . . . the Constitutional right to ex parte.[2]

THE COURT: [T]hose matters have been ruled on. They are preserved. I note your exception. What other evidence do you have to offer?

[Appellant]: So the objection's entered. Well, besides the fact that I was denied the opportunity to collect medical evidence by both the Judge and the jail, the jail denied me the diagnosis from an official specialist. I don't have the date on it, but I know it's in writing. I do have the date on it somewhere, but if you don't—

THE COURT: Okay. Regardless of the date, I'm assuming that it's, you know, relatively timely.

. . . .

[Appellant]: That's my own alibi. I literally have genital warts on the shaft of my penis and I made a request for a camera, and it was denied, so I could enter the fact that I have genital warts on the shaft of my penis to the jury because these girls claim to have sex with a guy while bragging to their friends, showed up they're both virgins, and they don't have genital warts and the

---

[2] At a pretrial hearing on May 5, 2025, appellant, while represented by counsel, asked the trial court if he could "make a medical request." The trial court ignored appellant's request. Appellant does not challenge this action on appeal. Appellant's request for an ex parte hearing on April 15, 2024, does not appear in the appellate record.

5

> Moms are hiding medical evidence that prove me innocent. That's a problem.

THE COURT: [Appellant], your comments right now are out of order. They are not evidence. They are not to be considered by the jury. . . .

The jury found appellant guilty of the offense, and the trial court sentenced appellant to life imprisonment. This appeal followed.

## II.    DISCUSSION

Appellant argues that the trial court abused its discretion by precluding him "from presenting evidence regarding his genital infection and the complaining witness' lack of the same diagnosis." Specifically, appellant complains of the trial court's rulings reflected above. He states in his appellate brief:

> Here, [appellant] sought to prove that he had genital warts on his penis at the time of the alleged assaults upon H.G. and V.M., and the complainants did not contract the same condition[—]so it was highly unlikely he had sexual intercourse with either complainant. [Appellant] showed that he made many efforts while awaiting trial in the county jail to document proof of his medical condition by asking for a camera to photograph his condition after his arrest. Without such proof, the only way [appellant] could offer direct evidence that he had genital warts at the time of the alleged assaults would have been for the trial court to allow him to question the complainants whether they saw or felt the warts on [appellant]'s penis or whether they ever contracted the same genital warts.
>
> The Court's adverse relevancy rulings precluded the trier of fact[']s consideration of whether their common experience would permit the inference that[—]if the complainants never contracted the genital warts [appellant] had[—]they could not have had the sexual intercourse they testified to. [Appellant] argues that it was outside the zone of reasonable disagreement for the trial court to conclude that such an inference could not be drawn by this jury. Thus, the trial court abused its discretion by preventing appellant from presenting this relevant evidence.

(Citations to the record omitted).

"We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard, and we must uphold the trial court's ruling if it was within the zone of

6

reasonable disagreement." *Wells v. State*, 611 S.W.3d 396, 427 (Tex. Crim. App. 2020). "Generally, all relevant evidence is admissible." *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009) (citing TEX. R. EVID. 402). "Relevant evidence is that which has any tendency to make the existence of any consequential fact more or less probable than it would be without the evidence." *Id.* (citing TEX. R. EVID. 401). "Evidence of a sexually transmitted disease may be relevant in a sex offense if the evidence makes it more or less probable that the defendant had sexual contact with the victim." *Gutierrez v. State*, 668 S.W.3d 46, 53 (Tex. App.—Houston [1st Dist.] 2022, pet. ref'd) (first citing *Steadman v. State*, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); and then citing *Anderson v. State*, 8 S.W.3d 387, 393 (Tex. App.—Amarillo 1999, pet. ref'd)).

Appellant's complaint suggests the trial court did not allow him to ask the victims whether they saw or felt warts on his penis. However, no such questions were submitted at trial. Appellant also suggests the trial court prevented him from questioning the complainants about contracting genital warts. Similarly, appellant never asked the complainants whether they had contracted genital warts. Moreover, the trial court allowed appellant to cross H.G. about whether she has an STD, and appellant did not ask V.M. the same. To preserve a complaint on appeal, the defendant must make a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a). Appellant fails to show the trial court prevented him from cross-examining the complainants about genital warts.

The trial court did, however, prevent appellant from questioning H.G. about whether she "ever had a vaginal infection." Even if we assume that a vaginal infection is sexually transmitted, appellant introduced no evidence that he had a sexually transmitted disease or infection. Appellant repeatedly tried to introduce evidence that he had some

7

kind of STD through his own unsworn statements when he cross-examined the complainants, which the State objected to, and the trial court excluded. Appellant did not offer medical records or medical expert testimony, nor did he testify himself. *See, e.g.*, *Steadman*, 280 S.W.3d at 246, 247–48 (reviewing relevant expert testimony of how gonorrhea is transmitted, of which complainant and appellant both tested positive, in case involving aggravated sexual assault of a child); *see also Liriano v. State*, No. 14-13-00544-CR, 2014 WL 3907977, at *2–3 (Tex. App.—Houston [14th Dist.] Aug. 12, 2014, no pet.) (mem. op., not designated for publication) (holding the trial court did not abuse its discretion when it excluded evidence appellant had hepatitis B and the complainant did not contract hepatitis B in child sexual assault case because the appellant did not "offer direct evidence that he had hepatitis B at the time of the assault"). Further, the trial court did not abuse its discretion when it excluded testimony related to H.G.'s mother's alleged "vaginal infections" because she was not a complainant in this case. *See Wells*, 611 S.W.3d at 427. Whether H.G.'s mother has ever had a vaginal infection does not make it more or less probable that appellant had sexual contact with her daughter. *See* TEX. R. EVID. 402; *Gutierrez*, 668 S.W.3d at 53.

Appellant argues that he was prevented from developing evidence that he had "genital warts," but he points to nothing in the record besides his own unsworn statements to support this assertion. *See* TEX. R. EVID. 103(a)(2) ("A party may claim error in a ruling to . . . exclude evidence only if the error affects a substantial right of the party and . . . a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context"). We note appellant represented himself at trial, and pro se appellants are generally held to the same standard as licensed attorneys and must

8

comply with all the applicable rules of evidence and procedure. *See Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988) ("The defendant should be aware that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his pro se rights."); *Borne v. State*, 593 S.W.3d 404, 409 (Tex. App.—Beaumont 2020, no pet.) (stating pro se litigants "must comply with the rules of evidence and procedure," are "not to be granted any special treatment," and are "held to the same standards as licensed attorneys"). Accordingly, we overrule appellant's sole issue.

### III.    CONCLUSION

The trial court's judgment is affirmed.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
6th day of August, 2026.